10-507-ag
Lu v. Holder

BIA
Nelson, IJ
A073 667 318

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:
        DENNIS JACOBS,
            *Chief Judge,*
        ROBERT D. SACK,
        DENNY CHIN,
            *Circuit Judges.*

_____

WEIZHEN LU,
        *Petitioner,*

        v.                                    10-507-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Matthew J. Archambeault,
                       Montano-Miranda & Archambeault,
                       Philadelphia, Pennsylvania.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Douglas E. Ginsburg,

**Assistant Director; Matthew B. George**, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Weizhen Lu, a native and citizen of the People's Republic of China, seeks review of a January 7, 2010, order of the BIA denying her motion to remand and affirming the March 31, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which pretermitted her application for asylum and denied her applications for withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Weizhen Lu*, No. A073 667 318 (B.I.A. Jan. 7, 2010), *aff'g* No. A073 667 318 (Immig. Ct. N.Y. City Mar. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Lu challenges the agency's denial of cancellation of removal and withholding of removal, and the BIA's denial of her motion to remand. Under the circumstances of this case,

we review both the IJ's and the BIA's opinions.  *See Jigme Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well-established.  *See*

8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007); *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005).

**I.   Cancellation of Removal**

We lack jurisdiction to consider Lu's challenge to the agency's finding that she failed to demonstrate that her children would suffer exceptional and extremely unusual hardship as a result of her deportation.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-40 (2d Cir. 2008).  Although we retain jurisdiction to consider constitutional claims and questions of law, *see Barco-Sandoval*, 516 F.3d at 39, here Lu merely challenges the agency's weighing of her evidence of hardship and fails to point to any legal error in the agency's findings.  Thus, she fails to raise a question of law over which we have jurisdiction.  *See id.; see also Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (finding that the BIA "does not commit an 'error of law' every time an item of evidence is

3

not explicitly considered or is described with imperfect accuracy" unless "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 325-27, 329 (2d Cir. 2006) (explaining that a "question of law" does not include a challenge to the correctness of the agency's "fact-finding or the wisdom of [its] exercise of discretion"). Consequently, we dismiss the petition insofar as it challenges the agency's denial of Lu's application for cancellation of removal.

**II.  Withholding of Removal**

Lu's arguments regarding her eligibility for withholding of removal based on the birth of her U.S.-citizen children are largely foreclosed by the Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).  Despite Lu's argument, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that she submitted.  *See id.* at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each

4

individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen*, 471 F.3d at 336 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Moreover, the agency did not err in declining to afford any evidentiary weight to a copy of a letter from Lu's village committee because that letter lacked any indicia of authenticity.  *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (B.I.A. 2010) (holding that unsigned, unauthenticated documents, from a "Street Resident Committee" and "Villager Committee," that fail to identify the authors, are entitled to minimal weight, especially when the documents were allegedly obtained from the authorities specifically for the purpose of the hearing on the applicant's behalf).  Consequently, substantial evidence supports the agency's determination that Lu failed to demonstrate a likelihood of persecution in China based on the birth of her four U.S.-citizen children. *See Manzur*, 494 F.3d at 289.

5

**III.**     **Motion to Remand**

The BIA may deny a motion to remand where: (1) a movant failed to present previously unavailable material evidence; (2) a movant failed to establish a *prima facie* case for the relief sought; or (3) the relief sought is discretionary and a movant failed to show that she warranted the relief sought as a matter of discretion.  *See Li Yong Cao*, 421 F.3d at 156; *Matter of Coelho,* 20 I. & N. Dec. 464, 474 (B.I.A. 1992); *see also* 8 C.F.R. § 1003.2(c)(1) (requiring motions to reopen to present evidence that is "material and was not available and could not have been discovered or presented at the former hearing").

Here, the BIA did not abuse its discretion in denying Lu's motion to remand because it reasonably determined that the psychological report regarding the hardship Lu's deportation would have on her U.S.-citizen children was neither material nor previously unavailable.  *See Xiao Ji Chen*, 471 F.3d at 342 (explaining that weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).  Indeed, to the extent that the report discussed the psychological

6

effect that Lu's deportation could have on her children as they would be returned to China, the BIA reasonably determined that this information was available and could have been presented at Lu's hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1). Finally, the BIA did not abuse its discretion in concluding that even if this information had not been previously available, it was not material as Lu testified that she would take her children with her if she were removed. Thus, the BIA did not abuse its discretion in denying Lu's motion to remand. *See Li Yong Cao*, 421 F.3d at 151 (reviewing the BIA's denial of a motion to remand for abuse of discretion).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk